UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PORT MARIGNY, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 17-4727 |
| CITY OF MANDEVILLE, ET AL. | SECTION: "J" (5) |

### ORDER AND REASONS

Before the Court are a *Motion to Interpret Consent Judgment* **(Rec. Doc. 133)** filed by Plaintiffs, Port Marigny, LLC and Pittman Assets, LLC and a *Motion to Strike Declaration of Richard L. Muller* **(Rec. Doc. 143)** filed by Defendant, the City of Mandeville ("the City"). The City opposed the motion to interpret consent judgment (Rec. Doc. 146), and Plaintiffs opposed the motion to strike (Rec. Doc. 147). Plaintiffs also filed a reply to the City's opposition. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that both motions should be **GRANTED** for the reasons that follow.

### FACTS AND PROCEDURAL BACKGROUND

This case, which arose from the City's land use regulations in a neighborhood of Mandeville, Louisiana, has been administratively closed since April 17, 2019, when the parties entered into a consent judgment resolving the claims. (Rec. Docs. 129, 132). The underlying litigation began when Plaintiffs tried to develop a 76-acre tract of land in Mandeville (the "Property"), and the City denied Plaintiffs' zoning application.

1

The Consent Judgment provides, among other things, various administrative guidelines governing development and use of the Property moving forward. Relevant to the instant motions, Paragraph 12 states:

> The Parties agree that, in light of the scope of the Port Marigny Development and the delays associated with the litigation, the Plaintiffs shall have 5 years from the date of the Court signing this Consent Judgment to obtain a building permit. The Permitted Uses shall remain effective during this time period and any additional time period resulting from any litigation or prolonged approval process invoked by the City.

(Rec. Doc. 129, at 15).

In their motion to interpret the consent judgment, Plaintiffs contend that there has been litigation regarding the Ordinance referenced in the Consent Judgment, delaying their ability to obtain a building permit and interrupting the five-year period outlined in the clause in Paragraph 12. (Rec. Doc 133-1, at 8). That litigation includes the following matters:

1. The *Goodwin* Litigation: a suit filed by B. Charles Goodwin seeking declaratory judgment as to several issues concerning the Port Marigny development. (Rec. Doc. 133-1, at 8). *Goodwin* was dismissed on exceptions and the Louisiana Supreme Court denied a request for a writ. *Id.* at 9. Plaintiffs were not parties in this case. *Id.*

2. The *Sachs* Litigation: a suit filed by Mandeville residents challenging Plaintiffs' Conditional Use Permit. *Id. Sachs* is still pending. *Id.* at 10. Plaintiffs are not parties in this case. *Id.*

In response, the City notes that the lawsuits Plaintiffs reference were not invoked by the City, so the Court should enter an order that the five-year term closes on April 3, 2024. (Rec. Doc. 146, at 2).

Attached to their motion, Plaintiffs offer the declaration of Richard L. Muller, an attorney who formerly represented Plaintiffs in this proceeding, to provide his opinions regarding why certain provisions were included in the Consent Judgment and what various provisions were intended to mean. (Rec. Doc. 133-2). In its motion to strike, the City asks the Court to strike this declaration as parol evidence not necessary to interpret the consent judgment. (Rec. Doc. 143-1, at 1-2). In response, Plaintiffs argue that, if the Court finds the consent judgment ambiguous, the Muller Declaration can and should be considered evidence of the parties' intent. (Rec. Doc. 147, at 2).

In their reply brief, filed on April 1, 2024, Plaintiffs state that they complied with their obligations in the Consent Judgment by obtaining a "commercial building permit" to replace the gate on the property that same day, April 1, 2024. (Rec. Doc. 149, at 2-3). Plaintiffs argue that this type of building permit interrupts the five-year period. *Id.* at 3 n.3.

## **DISCUSSION**

The Consent Judgment in this case can be construed using general principles of contract interpretation, only by reference to what is within the four corners of the order itself. *United States v. Chromalloy Am. Corp.*, 158 F.3d 345, 349-350 (5th Cir. 1998). Only if a consent judgment is ambiguous, meaning it is "reasonably susceptible

3

to more than one meaning, in light of the surrounding circumstances and established rules of construction," should a court look to extrinsic evidence to interpret it. *Dean v. City of Shreveport*, 438 F.3d 448, 460 (5th Cir. 2006) (quoting *N. Shore Lab. Corp. v. Cohen*, 721 F.2d 514, 519 (5th Cir. 1983)). "[E]ven when the language of the contract is clear, courts should refrain from construing the contract in such a manner as to lead to absurd consequences." *Clovelly Oil Co., LLC v. Midstates Petroleum Co., LLC*, 112 So. 3d 187, 192 (La. 2013); La. C.C. art. 2046.

The Court finds that the Consent Judgment's five-year time limit for the Plaintiffs to obtain a building permit is unambiguous. The Consent Judgment states that Plaintiffs "shall have 5 years from the date of the Court signing this judgment to obtain a building permit." (Rec. Doc. 129, at 15). This clause required Plaintiffs to obtain a permit by April 3, 2024, five years after the undersigned ratified the parties' consent judgment on April 3, 2019. This sentence does not provide any reason to extend or interrupt that five-year period.

This same paragraph goes on to state that the "Permitted Uses shall remain effective during this time period and any additional time period resulting from any litigation or prolonged approval process invoked by the City." *Id.* Applying general principles of contract construction and grammar, the Court finds that the clause "invoked by the City" modifies both alternatives: any litigation and prolonged approval processes. Accordingly, the Court finds that this sentence indicates that the five-year timeline allowing Permitted Uses as defined in the consent judgment may be extended for any litigation invoked by the City or for prolonged approval processes

4

invoked by the City. Interpreting this sentence as Plaintiffs request, to allow Plaintiffs or other third parties to invoke any litigation to allow an extension of Plaintiffs' five-year deadline, would lead to absurd consequences, effectively permitting no limit on what type of litigation could extend the five-year time period outlined clearly in the Consent Judgment. Further, interpreting the clause "invoked by the city" to only apply to prolonged approval processes (and not to "any litigation") would also render the clause unnecessary, because the City is the only entity with power to prolong the approval of the development.

Plaintiffs also raise an argument for the first time in their reply brief: that they had acquired a building permit as required by the Consent Judgment by receiving a permit to replace a gate on the Property. (Rec. Doc. 149, at 3). Thus, Plaintiffs contend, the Court should find that Plaintiffs complied with their obligation under Paragraph 12. Of course, "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Therefore, the Court declines to determine the effect of the gate permit on Plaintiffs' compliance with their obligations under the Consent Judgment. Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion to Interpret Consent Judgment* **(Rec. Doc. 133)** is **GRANTED**. The Court has interpreted the consent judgment and finds that the five-year term to obtain a building permit closes on April 3, 2024. The Permitted Uses are also effective until April 3, 2024.

**IT IS FURTHER ORDERED** that *Motion to Strike Declaration of Richard L. Muller* **(Rec. Doc. 143)** is **GRANTED**. For the reasons explained above, the Court need not consider the information contained in the Muller Declaration to interpret the parties' Consent Judgment.

New Orleans, Louisiana, this 2nd day of April, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE