UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PORT MARIGNY, LLC, ET AL.                          CIVIL ACTION

VERSUS                                             NO: 17-4727

CITY OF MANDEVILLE, ET AL.                         SECTION: "J" (5)

### ORDER AND REASONS

Before the Court are a *Motion for Reconsideration* **(Rec. Doc. 151)** filed by Plaintiffs, Port Marigny, LLC and Pittman Assets, LLC and an opposition (Rec. Doc. 154) filed by Defendant, the City of Mandeville ("the City"). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment, including a judgment on a motion to dismiss, as a Rule 59(e) motion to alter or amend. Fed. R. Civ. P. 59(e); *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, 2010 WL 5057413, at *1 (E.D. La. Dec. 2, 2010). Reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion for reconsideration calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see*

1

*also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.,* 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

Plaintiffs' motion, which re-alleges many of their original arguments, is premised on their disagreement with the Court's application of the rules of contract

interpretation. Although Plaintiff is dissatisfied by the Court's interpretation of their Consent Judgment, the Court addressed each of the issues raised in the motion for reconsideration in its previous Order. Motions for reconsideration should not be used to relitigate matters resolved against the movant, and Plaintiffs have failed to clearly establish a manifest error of law or any of the other three factors necessary for reconsideration. Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Reconsideration* **(Rec. Doc. 151)** is **DENIED**.

New Orleans, Louisiana this 29th day of May, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE